John H. Prentiss v. Stephen Foster, Jr.

*Partnership.*

An order upon a firm for the credits which the drawer has in the hands of the firm or of any of its members, and an acceptance of it by one of the partners who has the special management and liquidation of the business and debts subsisting between the drawer and the firm, *held* to bind such partner individually.

Assumpsit. The declaration was as follows: * * * "In a plea of the case for that heretofore, to wit, before the twenty-fifth day of February, A. D., 1848, certain persons, among whom was the defendant, were transacting business at Stanstead aforesaid, under the firm of Spalding, Foster & Company, and certain other

persons, among whom was the defendant, were transacting business at Derby, in Orleans county, under the firm of Foster, Holmes & Company, and one Owen Brown, at Irasburgh aforesaid, on the twenty-fifth day of February, 1848, drew his order in writing under his hand of that date, directed to the said firms of Spalding, Foster & Company and Foster, Holmes & Company, therein and thereby requesting the said Spalding, Foster & Company, and the said Foster, Holmes & Company, for value received of the plaintiff by said Brown, to pay to the plaintiff or his order, on demand, so much as might be the avails or proceeds in the hands of said firms, or either of them or any member thereof, of a certain farm before then owned by the said Brown, after paying therefrom the demands due said firms from said Brown. And the plaintiff afterwards, on the same day, presented said order to said firms and to said Foster, who was, by said firms, entrusted with and appointed to the management and liquidation of the business and debts subsisting between said Brown and said firms, and either of them, for acceptance, who then accepted the same, whereby he became liable, and in consideration thereof, undertook and promised the plaintiff to pay him the same sum on demand. And the plaintiff avers that a large sum, as the avails or proceeds of said farm, was in the hands of said Foster after paying the lawful demands due from said Brown to said firms, to wit, the sum of one hundred and fifty dollars. Yet though often requested, the defendant has neglected and refused and still neglects and refuses to pay the sum due in said order, or any part thereof.

" Also, in a further plea of the case for that, heretofore, to wit, before the twenty-fifth day of February, 1848, certain persons were doing business in Stanstead, aforesaid, under the firm of Spalding, Foster and Company, and certain other persons, among whom was the defendant, were doing business at Derby, in Orleans county, under the name and firm of Foster, Holmes and Company ; and one Owen Brown of Irasburgh, aforesaid, on the 25th day of February, 1848, drew his order in writing under his hand of that date, directed to the said firms of Spalding, Foster and Company, and Foster, Holmes and Company therein and thereby requesting them, the said Spalding, Foster and Company, and the said Foster, Holmes and Company, for value received of the plaintiff by the

said Brown, to pay to the plaintiff, or his order, so much as might then or thereafter be due to said Brown as and for the avails and proceeds of a certain farm, before then owned by said Brown, over, and above the debts due from said Brown to said Spalding, Foster and Company, and said Foster, Holmes and Company. And the plaintiff afterwards, on the same day of February, 1848, at Stanstead, aforesaid, to wit, at Irasburgh, aforesaid, presented said order to said Spalding, Foster and Company, and said Foster Holmes and Company, and said Foster, who was, by said firms, entrusted and appointed to the management and liquidation of the debts then and theretofore subsisting, and business then and theretofore, to be done by and between said Brown and said firms, and either of said firms, for acceptance, and said Foster then and there accepted the said order, whereby he became liable, and in consideration thereof undertook, and promised the plaintiff to pay him the sum so due as aforesaid, to said Brown over and above the debts due to said firms, as aforesaid, on demand. And the plaintiff avers that a large sum was due, and owing to said Brown from the defendant, as and for the avails and proceeds of said farm, over and above the sum of the debts due to said firms, to wit, the sum of one hundred and fifty dollars. Yet the defendant, though often requested has neglected and refused, and still neglects and refuses to pay the same, or any part thereof.

"Also, in a further plea of the case for that said Foster, at Stanstead, aforesaid, to wit, at Irasburgh, aforesaid, on the first day of June, 1853, being indebted to the plaintiff in the sum of one hundred and fifty dollars for so much money before that time had and received by the said Foster to the said plaintiff's use, in consideration thereof then and there promised the plaintiff to pay him the same sum on demand. Yet though often requested, the said Foster has never paid the same, but wholly neglects and refuses so to do. To the damage of the plaintiff, as he says, the sum of two hundred dollars, for the recovery of which, with just costs, the plaintiff brings suit."

To this declaration the defendant demurred. The county court, June Term, 1855,—UNDERWOOD, J., presiding,—overruled the demurrer and rendered judgment for the plaintiff. Exceptions by the defendant.

*J. L. Edwards* for the defendant.

When a bill is improperly accepted, it cannot be recovered against the acceptor. Saunder's Plea. and Ev. p. 456, and authorities there cited.

No one can be liable as acceptor but the person to whom the bill is addressed. Saunder's Plea. and Ev. 464, and authorities there cited; *Polkill* v. *Walter*, 3 B. & Ad. 122, 114; Stephen's Nisi Prius, 824, 825, *Jackson* v. *Hudson*, 2 Camp. 447; *House* v. *Cazenore*, 16 East 391, 396, 397; *Williams* v. *German*, 7 B. & C. 468; 1 M. & R. 394, 403; *Bennetts* v. *Sewin*, 2 Lutw 896; Bailey on Bills 178; Story on Bills, Sec. 254, 255.

The acceptance by the defendant was a collateral undertaking, and he must be so declared against if liable at all. See Oliver's Precedents 220 for form of declaration *v.* acceptor for honor, 1 Went. 315.

*T. P. Redfield* for the plaintiff.

It is quite certain that the plaintiff cannot sustain an action against either of the firms, for the defendant accepted the order, and made the promise in his own name; *Luther* v. *Burnett*, 1 Aik. 197.

The order operated as an assignment of the fund, and a promise by the defendant holding the fund is of legal validity; *Williams, Exr.* v. *Fullerton*, 20 Vt. 346; *Blin* v. *Pierce*, 20 do 25.

It is quite certain that Brown could have maintained an action against the defendant for this balance which the defendant held in his own hands after satisfying all liens upon it.

And this court have repeatedly held that the assignment of a chose in action is a sufficient consideration for a promise of the debtor to make payment to the assignee; *Moore* v. *Wright* 1 Vt. 57; *Hodges* v. *Eastman*, 12 do. 358; *Bucklin* v. *Ward*, 7 do. 195.

The acceptance of a bill need not be averred to be in writing; Step. N. P. 821; *Chalie* v. *Belshem*, 4 M. & P. 275, 6 Bing. 529.

Acceptance of a bill may be made by the drawee of the bill, or some other person. The acceptor is considered the principal debtor; Steph. N. P. 123; *Philpot* v. *Briant*, 4 Bing. 420; *Fentana* v. *Poweck*, 5 Taunt. 192.

The opinion of the court was delivered by

REDFIELD CH. J. This is a demurrer to the declaration. The

declaration states, in substance, that one Owen Brown having funds in the hands of one of two firms, of which the defendant was a member, drew an order upon the firms, directing them to pay over whatever they, or either member of said firms might have in their possession, to the plaintiff. And it is alleged that the plaintiff presented the order to these firms, and to the defendant, who had, by the firms, been entrusted with the liquidation of the business out of which the money was expected to arise, for acceptance, and the defendant then and there accepted the same, and thus became liable to pay, &c.

From the form in which this order was drawn, requiring the money in the hands of either member of both firms to be paid over, and that the defendant had the control and management of the business out of which the money was expected to come, and that the defendant accepted the order individually, we are to assume, we think, that he accepted the order, and thereby promised to pay the money, upon the consideration of having it in his personal possession and control. This would be a perfectly valid contract, and would enable the plaintiff to recover either upon the special counts or general count for money had and received.

Judgment affirmed.